Argued February 24, reversed March 14, rehearing denied April 4, 1916.

## MATTSON v. DRESSER.

(155 Pac. 1186.)

**Vendor and Purchaser—Remedies of Vendor—Recovery of Land.—Pleading and Issues.**

1. A complaint in a vendor's suit alleging that the purchase price was $7,000, that $2,000 was paid when the contract was signed, that the balance was payable on or before different dates in four installments, the first two of which had been paid, and asking a foreclosure of the contract for default on the third installment amounting to $300 maturing November 1, 1913, and due and unpaid, although the interest had been partly paid, and an answer denying that any installment was overdue, averring that the first three installments, amounting, principal and interest, to $695, had matured, and that the vendor had been paid $1,065, with a reply that after the making of the contract the vendor received $1,006.64, applied as directed by the persons making the payment, with the result that the three installments had not been paid, raised an issue for the court as to whether a default had occurred, to be ascertained only upon hearing the evidence, so that a dismissal of the suit was error.

**Vendor and Purchaser—Remedy of Vendor—Foreclosure—Relief Granted.**

2. In such case the court, on determining that the vendor was entitled to a foreclosure, would have the right to fix a reasonable time for the payment of the balance of the purchase price, and might consider the circumstance that the vendor had received more than the purchaser was obliged to pay in fixing such time.

From Coos: JOHN S. COKE, Judge.

Department 2.   Statement by MR. JUSTICE HARRIS.

This is a suit by Jacob Mattson and Edla Mattson against A. C. Dresser, R. K. Dresser, J. C. Yondell and Mrs. J. C. Yondell, his wife, L. H. Heisner and Elizabeth Heisner, his wife, Charles Heisner and Mrs. Charles Heisner, his wife, to foreclose a contract.

A written contract for the sale of real and personal property was made between the plaintiffs as the sellers, and A. C. Dresser, R. K. Dresser, and J. C. Yondell, three of the defendants, as buyers. The amount of the purchase price was $7,000, of which

$2,000 was paid at the time of making the agreement, leaving a balance of $5,000. The buyers agreed to pay the remaining principal, with interest at the rate of 6 per cent per annum, as follows: $100 on November 1, 1911; $200 on November 1, 1912; $300 on November 1, 1913; and $4,400 on November 1, 1916. The writing contains a stipulation that "any and all of the above payments are payable on or before the above dates," so that the buyers could, if they wished, pay any installment before it matured. The purchasers obligated themselves to pay all taxes and assessments lawfully imposed on the property, and also agreed that "all improvements placed thereon shall remain and shall not be removed before final payment be made." The Dressers and Yondell assigned their interest in the contract to Charles Heisner, who in turn transferred the agreement to L. H. Heisner. The $100 installment due on November 1, 1911, and the one for $200 maturing on November 1, 1912, were paid.

This suit was commenced against the Dressers, Yondell, and the Heisners for the purpose of foreclosing the contract. The complaint filed on July 13, 1914, alleges that many of the improvements placed upon the premises have been removed, although the final payment has not been made, and "that no payments have been made on said contract, nor on the property therein described, except the November 1, 1911, payment, also the November 1, 1912, payment and all the interest on $4,700, the unpaid balance, up to the 9th day of February, A. D. 1913, and there is now due, owing, and unpaid on said contract * * the sum of $4,700, together with the interest thereon * * from and after the 9th day of February, A. D. 1913, and the further sum of $32.63, with interest thereon, for taxes paid by these plaintiffs."

The Heisners answered.

The answer denies that "no payments have been made on said contract or on the property therein described except the November 1, 1911, payment and the November 1, 1912, payment," denies that $4,700, together with interest from the 9th day of February, 1913, or the sum of $32.63, with interest thereon for taxes, or any other sum of money is due, and denies that the defendants failed to make the payments provided for in the contract.   The answering defendants, after referring to the payment of the first two installments, affirmatively allege:

"That $300 became due and payable thereon on the 1st day of November, 1913, with 6 per cent per annum, that plaintiffs have received from the various named defendants described herein as payments upon said contract since the payment of the first $2,000 thereon the sum of $1,065, when in truth and in fact under the terms thereof only $600, and interest thereon amounting to about $95, and in all the sum of $695, have become due and payable under the terms thereof, and that the remaining payment of $4,400 does not become due and payable, nor the interest thereon, under the terms of said contract, until the 1st day of November, 1916."

The reply denies:

"Each and every allegation, statement, matter and thing in said defendants' answer set forth, except such as is herein specifically admitted or qualified, and, as qualified, admitted."

The reply affirmatively sets forth that subsequent to the payment of the $2,000 "they did receive from various named defendants described in this suit certain sums of money, which these plaintiffs believe to aggregate" $1,006.64, and no more, "and that said sum was paid to them and received by them from the parties paying the same in payment and discharge of the fol-

lowing items of and in pursuance to the terms of said contract:

| | |
|---|---:|
| The November 1, 1911, payment............$ | 100.00 |
| Interest on said payment from July 9, 1910, to December 21, 1911, at 6 per cent........ | 8.70 |
| Interest at 6 per cent on the unpaid balance of $4,900.00 from July 9, 1910, to July 9, 1911 ................................... | 294.00 |
| Interest at 6 per cent on $294.00 from July 9, 1911, to December 21, 1911............... | 8.94 |
| November 1, 1912, payment................ | 200.00 |
| Interest at 6 per cent on $4,900.00 from July 9, 1911, to November 1, 1912.............. | 392.00 |
| Excess of interest of $592.00 from the 1st day of November, 1912, to February 21, 1913 (day of last payments), over 6 per cent on $4,900.00 from November 1, 1912, to November 9, 1912, agreed estimate............. | 3.00 |
| Total ................................$ | 1,006.64 |

"That said several sums of money were paid by said defendants to these plaintiffs with the express agreement and at the request of said defendants that they should be applied upon and to make the payments as above itemized, and not otherwise, and they were so made by these plaintiffs, and that such payments were voluntarily made by said defendants to these plaintiffs to be applied as herein specified."

The defendants moved "for a judgment of dismissal upon the pleadings, for the reason that no material issues are presented to the court to try, and the same show that the plaintiff is not entitled to the relief or any relief asked for therein."

The court dismissed the suit, and granted L. H. Heisner and Elizabeth Heisner a judgment for their costs and disbursements because it appeared to the court:

"That said defendants have pleaded in their answer matter showing a complete defense to the complaint

of plaintiffs therein, and that said plaintiffs have not denied the same and by reason thereof have shown that they are not entitled to the equitable relief sought by them in said suit.''

The plaintiffs appealed.                    REVERSED.

For appellants there was a brief over the names of *Mr. John F. Hall* and *Mr. Charles I. Reigard,* with an oral argument by *Mr. Hall.*

For respondents there was a brief with an oral argument by *Mr. W. U. Douglas.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. It is conceded by the litigants that no interest became due on any installment until the maturity of such installment. The complaint, in effect, states that the purchase price was $7,000; that $2,000 was paid when the contract was signed; that the balance was payable on or before definite dates in four installments; that the first two installments had been paid, but that the third was due and unpaid, although interest on this as well as on the last installment had been paid up to February 9, 1913; and the plaintiffs claim that they are entitled to a foreclosure of the contract because the third installment, amounting to $300, and maturing on November 1, 1913, was due and unpaid. The answer, in substance, denies that any installment is overdue. The defendants aver that only the first three installments, amounting, principal and interest, to the sum of $695, have matured under the terms of the contract, and that the plaintiffs have been paid $1,065.50. The reply says that after the making of the contract the plaintiffs received $1,006.64, which was applied, as directed by the persons making the payments, on: (1)

The first installment; (2) the second installment; and (3) interest on the third and fourth installments. The complaint avers that the third installment is unpaid. The answer says that the first three installments amount, principal and interest, to $695; that plaintiffs have received $1,065.50; and that therefore the third installment has been paid. The reply confesses that more than $695 has been paid, but avoids the conclusion of the answer by claiming that $1,006.64 was paid and applied by the plaintiffs at the request of the defendants on the first two installments, and then in payment of interest on the third and fourth installments, with the result that the principal of the third installment has not been paid. The complaint says that the third installment is unpaid; the answer avers payment; the reply denies payment and reiterates the allegation of nonpayment; and therefore the pleadings present an issue for the court to try. Whether a default has occurred can only be ascertained after hearing the evidence.

2. If it is determined that the plaintiffs are entitled to a foreclosure, the court will have a right to fix a reasonable time for the payment of the balance of the purchase price, and, no doubt, the circumstance that plaintiffs have received more than defendants were obliged to pay will, as it should, exercise a persuasive influence in deciding what is a reasonable time for payment within the principle announced in *Flanagan Estate* v. *Great Cent. Land Co.*, 45 Or. 335 (77 Pac. 485). The decree and judgment are reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.                                   REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE BURNETT concur.